David Eric HAMMER, Anne Marie
Neel Hammer, Plaintiffs–
Appellants,

v.

BANK OF AMERICA, National Associa-
tion as successor by merger to Lasalle
Bank, National Association as trustee
for Wamu 2006–AR13 as a successor
by assignment from Washington Mu-
tual Bank, Defendant–Appellee.

No. 14–10445
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 5, 2015.

Geoffrey Todd Hodges, GT Hodges, PA,
Lutz, FL, for Plaintiffs–Appellants.

Ron J. Bitman, Karl Egnar Pearson,
Pearson Bitman, LLP, Maitland, FL, for
Defendant–Appellee.

Before WILLIAM PRYOR, JORDAN
and JILL PRYOR, Circuit Judges.

PER CURIAM:

David and Anne Hammer appeal *pro se*
the dismissal with prejudice of their
amended complaint against Bank of Amer-
ica, as the successor in interest to National
Association, Lasalle Bank, and Washington
Mutual Bank (collectively "Bank of Amer-
ica"). The Hammers, leaseholders in real
property, complained that their civil rights
were violated in the legal proceedings that
resulted in the Bank obtaining a writ of
possession, *see* 42 U.S.C. § 1983, and that
the Bank was unjustly enriched in violation
of state law. The district court dismissed
the Hammers' federal claim for failure to
state a claim, *see* Fed.R.Civ.P. 12(b)(6),
and declined to exercise supplemental ju-
risdiction over the Hammers' claim under
Florida law. We affirm.

The district court did not err by dismiss-
ing the Hammers' amended complaint be-
cause they failed to establish that Bank of
America was a state actor. The use of the
state courts by Bank of America to seize
its property did not transform it into a
state actor. *See Harvey v. Harvey*, 949
F.2d 1127, 1133 (11th Cir.1992) ("Use of
the courts by private parties does not con-
stitute an act under color of state law.").
When Bank of America applied for the
Sheriff to execute the writ of possession,
the Hammers filed affidavits that stayed
the execution. *See* Fla. R. Civ. P. 1.580(b).
The Hammers argue that they were de-
nied due process because their affidavits
were struck *ex parte* on the motion of the
bank, but the Hammers' complaint alleged
that the district court held a hearing on
the motion before it struck the affidavits.
Although the Hammers failed to appear
because they purportedly did not receive
notice of the hearing, the Hammers had
already been given multiple opportunities
to be heard on their claim to the property.
The Hammers' complaint alleged that they
had received notice of and had objected to
the motion of the bank for a writ of posses-
sion; the state court stayed the motion
and ordered the bank and the Hammers to
mediate their dispute, but that mediation
was unsuccessful; and after the state court
awarded a writ of possession to the bank,
the Hammers appealed. Unlike the credi-
tor in *Lugar v. Edmondson Oil Co.*, 457
U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482
(1982), that attached property *ex parte*
before a final judgment of foreclosure

against the debtor, *id.* at 924–25, 102 S.Ct. at 2747, or the creditor in *Davis Oil Co. v. Mills,* 873 F.2d 774 (5th Cir.1989), that extinguished a mineral lessee's interest without notice of the seizure or sale of the property, *id.* at 778–81, Bank of America did not unilaterally deprive the Hammers of a property right without due process.

The Hammers have abandoned any challenge they might have made to the dismissal of their complaint that Bank of America was unjustly enriched. Although "we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson v. Sampson,* 518 F.3d 870, 874 (11th Cir.2008) (internal citations omitted). The Hammers do not contest the dismissal of their complaint for unjust enrichment.

We **AFFIRM** the dismissal of the Hammers' amended complaint.